[L. A. No. 4529.   Department One.—July 17, 1918.]

REINHARDT J. BUSCH, Appellant, v. LOS ANGELES RAILWAY COMPANY (a Corporation), Respondent. MARY E. BUSCH, Appellant, v. LOS ANGELES RAILWAY COMPANY (a Corporation), Respondent.

NEGLIGENCE—STREET RAILWAYS—METHOD OF OPERATION—RUNNING IN UNUSUAL DIRECTION.—In the absence of a law or ordinance prescribing the direction in which the cars of a double track street railway should be run, it was lawful to run them in either direction, and therefore, although usually street-cars travel on the right-hand track in the direction in which they are going, it was lawful to run them in either direction, and running a car west on the south-side track was not negligence in law.

ID.—EVIDENCE REBUTTING NEGLIGENCE—VERDICT OF JURY CONCLUSIVE.—Where there was evidence for the defendant rebutting the plaintiff's claim of negligence, the fact that the plaintiff's evidence contradicted it is not available for reversal of a judgment on appeal, the verdict of the jury on that subject being conclusive in the appellate tribunal.

ID.—CONTRIBUTORY NEGLIGENCE—VERDICT NOT CONTRARY TO EVIDENCE.—Where there was evidence tending to show that the plaintiff, who was driving an automobile when it was struck by the defendant's street-car, could, by the exercise of ordinary care, have stopped her car in time or guided it so as to avoid the collision, a verdict finding her guilty of contributory negligence was not, as a matter of law, contrary to the evidence.

ID.—PLEADING CONTRIBUTORY NEGLIGENCE — THEORY ON WHICH TRIAL CONDUCTED.—Where, in an action against a street railway company for damages sustained by the defendant in a collision between one of the defendant's street-cars and the plaintiff's automobile, the trial was conducted throughout upon the theory that contributory negligence of the plaintiff was properly alleged and that the fact was in issue, it cannot be claimed on appeal that the plea was insufficient.

ID.—INSTRUCTIONS—NO PRESUMPTION OF NEGLIGENCE—RES IPSA LOQUITUR—INAPPLICABILITY OF RULE.—In such an action an instruction that "the fact that there was a collision between the automobile in which the plaintiff was riding and the street-car of the defendant does not raise a presumption of negligence against defendant," was not erroneous, the maxim "res ipsa loquitur," not applying in such cases.

ID.—ORDINARY CARE ON THE PART OF PERSONS USING STREET.—An instruction in such action to the effect that a motorman operating a

car at a reasonable speed has a right to assume that other persons using the street will exercise ordinary care, and will see that which is plainly to be seen, is not erroneous, since it does not assume that the car was plainly to be seen, but merely states that, if it was plainly to be seen, the motorman had a right to expect that the plaintiff would see it, leaving the jury to determine from the evidence whether or not it was plainly to be seen.

Id.—Yielding Right of Way—Duty of Automobile Drivers.—There was no error in instructing the jury that it is the duty of drivers of automobiles along a street on which there is a street-car track to yield the right of way to street-cars when they can reasonably do so.

Id.—Special and Particular Care—Instruction Properly Refused.— An instruction that when running a car in a direction opposite to that usually taken on the south track the motorman must use "special and particular care" was properly refused, "reasonable and ordinary care," under the existing circumstances, being the standard required of a street-car company lawfully operating its cars on the street.

APPEALS from judgments of the Superior Court of Los Angeles County, and from orders denying motions for a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, N. Blackstock, and Wheaton A. Gray, for Appellants.

Gibson, Dunn & Crutcher, and Norman S. Sterry, for Respondent.

SHAW, J.—The defendant is operating two double track street railways in the city of Los Angeles, one along Pasadena Avenue and the other on Avenue 20, which crosses Pasadena Avenue. Reinhardt J. Busch and his wife, Mary E. Busch, were traveling easterly along the south side of Pasadena Avenue in an automobile driven by the said Mary E. Busch, and owned by her. A street-car operated by the defendant was going westerly on the south track of the Pasadena Avenue line between Avenue 21 and Avenue 20, and at a point near Avenue 20 the automobile and the car collided, whereby Reinhardt J. Busch sustained personal injuries and the automobile was materially damaged. To recover these damages the two parties respectively began actions against

the defendant. The two causes were consolidated and tried together and resulted in a verdict and judgment for the defendant. From this judgment and from an order denying their respective motions for a new trial the two plaintiffs have taken separate appeals to this court.

Plaintiff's first point is that the railroad company was negligent in its methods of operating its cars and laying its tracks in this: That usually street-cars travel on the right-hand track in the direction in which they are going, and that this car was going west on the left-hand track. No law or ordinance is pointed out by appellants which required the defendants to operate its cars in either mode. It was, therefore, lawful to run them in either direction. Running a car west on the south-side track cannot be said to be negligence in law.

It is claimed that the evidence showed that the defendant was negligent in the manner of operating the car in this: That inasmuch as the car was going in the opposite direction from that usually taken by cars upon that railroad, it was the defendant's duty to use more than usual care to warn persons of the fact, so as to avoid danger of collision, and that the defendant failed to sound any gong or otherwise give signals of warning. There was evidence that the defendant did sound the gong and also that the injury occurred about dusk; that the inside car lights were lighted; that a headlight was burning brightly, and that the car was not going more than about four miles per hour at the time of the collision. The verdict of the jury having been for the defendant, this evidence must be taken as true. The fact that the plaintiffs' evidence contradicted it is not available for reversal in such a case. It was a question for the jury to determine and its verdict on that subject is conclusive here.

Plaintiffs further claim that there was no evidence of contributory negligence on the part of Mary E. Busch, who was driving the automobile. There was evidence to show that as she crossed Avenue 20 going east just before the collision, she observed another automobile near the curb line going, as she first believed, in the same direction, but which in fact had stopped, or was about to stop; that seeing this to be so she undertook to pass the automobile on the left-hand side, being the side next to the street-car track; that in doing so she swerved considerably to the left at the instant when the car came opposite to the standing automobile, and thereby she

drove her automobile against the side of the street-car; that at that time the lights on the street-car were burning, so that with ordinary care she could have seen it in time to stop her car or guide it so as to avoid the collision. A verdict finding the plaintiff guilty of contributory negligence upon these facts cannot be said, as a matter of law, to be contrary to the evidence.

Plaintiffs further contend that there was no sufficient pleading of the contributory negligence of the defendant in the answer, within the rule stated in *Crabbe* v. *Mammoth etc. Co.* 168 Cal. 500, [143 Pac. 714]. The Crabbe case was decided after the answers in this case were filed. The trial was conducted throughout upon the theory that contributory negligence of the plaintiffs was properly alleged and that the fact was in issue. Under these circumstances the well-settled rule prevails that the parties cannot on appeal claim a reversal on the ground that the plea was insufficient. It is unnecessary to cite cases on the subject.

The court instructed the jury as follows: "The fact that there was a collision between the automobile in which the plaintiffs were riding and the street-car of the defendant does not raise a presumption of negligence against the defendant." We see no error in this instruction. The maxim *"res ipsa loquitur"* does not apply in such cases.

Another instruction was to the effect that a motorman who is operating a street-car at a reasonable rate of speed and with due care along and upon a public street "has a right to assume that other persons who are using the street will exercise ordinary care in doing so, and will see that which is plainly to be seen." The objection made to this instruction is that the evidence showed that it was impossible for the plaintiffs to have seen the street-car. On the contrary, as we view the evidence, it would seem to have been impossible for her not to see it, except by shutting her eyes or looking the other way. The instruction does not assume that the car was plainly to be seen, but says that if it was plainly to be seen, the motorman had a right to expect that she would see it. The jury were left to determine from the evidence whether or not it was plainly to be seen.

There was no error in instructing the jury that it is the duty of drivers of automobiles along a street upon which there

is laid a street-car track to yield the right of way to the street-cars when they can reasonably do so.

The instruction that when running a car in a direction the opposite to that usually taken on the south track, the motorman must use "special and particular care" to avoid collision with vehicles going in the other direction was properly refused. Reasonable and ordinary care, under the existing circumstances, is the standard required of a street-car company lawfully operating its cars on the street.

The instructions on all the questions in the case were full and clear. The appellants make other criticisms of instructions given, and complain of the refusal of others. We will not discuss them further. We are satisfied that the rulings were either correct, or that they were not sufficiently prejudicial as to have caused a miscarriage of justice.

. The judgment and order are affirmed.

Sloss, J., and Richards, J., *pro tem.*, concurred.