KENNON, Judge.
This is a suit by Eugene F. Mustin and his wife for damage resulting from a collision between plaintiffs’ car and that of defendant, D. Emmett West, at 7:15 p. m. on May 28, 1949 at the intersection of Bres Avenue and North Seventh Street in the City of Monroe, Louisiana. Plaintiffs alleged that the accident was caused by the negligence of defendant’s minor daughter in driving at fifty miles- an hour, without lights, when the streets were wet, and driving into an intersection at which there were bushes and other obstructions so as to constitute same a blind corner. As an alternate plea, the petition stated that defendant’s daughter had the last clear -chance to avoid the accident. West’s insurer was joined as a party defendant.
The answer admitted that a collision occurred at the place alleged, 'but set forth that same was caused by the negligence of Mrs. Mustin in proceeding into- a right-of-way street without bringing the vehicle to a complete stop and only proceeding when traffic on the -favored street was such that entry thereon could be made in complete safety; in the alternative, in the event the Court should find the operator of the West car to be negligent, that the above action of Mrs. Mustin constituted contributory negligence (for which her husband was also responsible) which barred recovery. . .
The District Court found that there was negligence on the part of both drivers and from the judgment rejecting their demands, plaintiffs have appealed.
Our finding of fact is in agreement with that of the learned trial Judge. Even though the West car was approaching on a right-of-way street, the driver was guilty of negligencé in proceeding in excess of the limit of twenty-three miles per hour set by the Monroe -city ordinance, and in advancing into the intersection at a time when same had been first entered by the Mustin vehicle.
The Mustin car, proceeding, without stopping, into a street designated “Stop” by ■city ordinance, had reached and passed the center of' the intersection when it was struck broadside by the West automobile, which had approached and entered the intersection on the favored street at a speed in excess of the maximum fixed by city ordinance.
Since Mrs. Mustin was approaching a blind corner and a right-oif-way street, it was her duty to proceed slowly and cautiously until her automobile had reached a point where there was no interference with her vision, and then she should have advanced into North Seventh Street only when the maneuver could be accomplished in safety.
It was still light when the accident occurred, and the West car was in pl-ain view of the intersection at the time Mrs. Mustin made the attempt to cross. If she saw the West car approaching, she was negligent in entering the intersection. If she did not observe the approach of the West car, -she was guilty of "negligence in not observing what she could have seen.
 Mrs. Mustin’s recovery is barred by her contributory negligence. Her husband was present in the car. He had an equal right to control the car. His wife’s contributory negligence constitutes a bar to his recovery.
Circumstances similar to the case before us were involved in the accident under *138 consideration by the Orleans Court of Appeal in the case of Huerstel et al. v. L. Mangano & Co., et al., 39 So.2d 460, 462. We quote that Court’s conclusion: “ * * * our scrutiny of the record leads to the belief that the accident was caused through the joint negligence of Mrs. Huer-stel, who failed to look and listen, and the driver of the truck, who operated his vehicle at an excessive rate otf speed. Neither owner of the vehicles involved should be allowed to recover damages.”
The record does not support plaintiffs’ invocation of the doctrine of last c-lear chance. The evidence shows that Miss West swerved her car to the right and applied the brakes in a desperate but futile effort to avoid colliding with the Mustin car. While the exact relative position of the cars at the time she swerved to the right and applied her brakes is not established 'by the record, it is logical to believe that, because of the obstruction in the northeast corner of the intersection, Miss West could not see the Mustin car until it had proceeded into the intersection. Certain it is that the record does not show that Miss West was a sufficient distance away —at the time the Mustin car came within her field of vision — to have stopped her car or maneuvered it out of Mrs. Mustin’s path.
The judgment appealed from is affirmed, with costs.