## BLEVINS v. STEVENS et al.

Court of Appeals of Kentucky.

Feb. 19, 1954.

Ezart F. Ashcraft, Shumate & Shumate, Irvine, for appellant.

J. M. McCann, Wm. H. McCann, Lexington, for appellees.

CLAY, Commissioner.

In this automobile accident case a verdict was directed for appellees, which permitted their recovery of damages on their counterclaims for personal injuries and property damage against appellant. Two questions are presented as to whether or not the case should have been submitted to the jury on the issue of (1) plaintiff appellant's negligence and (2) appellees' negligence.

The collision between the automobile of appellant and the automobile in which appellees were riding took place on the southern approach to the main bridge between Irvine and South Irvine. The span will accommodate two lanes of traffic, but the approaches are one-lane. The southern ap-

proach is approximately 35 feet long and 11 feet wide.

Appellant testified he was driving his automobile in a northerly direction as he approached the bridge. He said he saw appellees' automobile *parked* on the main bridge on its right hand side approximately 20 or 25 feet from the northern end of the southern approach. According to his testimony he entered the one-lane approach at about 15 miles an hour. This is his version of how the accident happened:

"I saw her stopped on the bridge and pulled over off to one side and slowed down to fifteen miles an hour and she still stayed stopped and so I pulled on out to the approach and when I entered the approach it looked like she just raised and jumped and leaped into me and as well as I remember I was about half way across the approach when she hit me."

No other witnesses confirm appellant's testimony with respect to how the accident happened and the point of collision. The driver of the other automobile was appellee, Mrs. Stevens. She testified that she did not stop on the bridge and that the accident happened when she was just about to leave it after passing through the one-lane southern approach. She stated that she had seen appellant's car as she crossed the bridge and that he seemed to have lost control of it.

There was testimony of disinterested witnesses that after the collision the two cars were wedged together at the extreme southern end of the approach. There was evidence appellant's car was not completely on the approach and that a post at the entrance on the right hand side of his automobile had been knocked down. There was also evidence indicating appellant's car had skidded some distance before the collision. Both cars were practically demolished.

It is the contention of appellees that appellant's testimony as to the manner and place of this accident is contradicted by all of the other evidence in the case, particularly the physical facts. Appellant contends

that if he entered the approach first he had the right-of-way and that the physical evidence with respect to the location of the vehicles after the accident is in itself insufficient to overcome his testimony. He cites Union Underwear Co. v. Barnett, 285 Ky. 488, 148 S.W.2d 339, Martin v. Kentucky West Virginia Gas Co., 288 Ky. 192, 155 S. W.2d 859, and Southern Oxygen Co. v. Martin, 291 Ky. 238, 163 S.W.2d 459. On the other hand appellees rely principally upon Silver Fleet Motor Express v. Wilson, 291 Ky. 509, 165 S.W.2d 48. In that case it was in substance held that a verdict should be directed if the physical facts point so unerringly to the actual causes of a collision as to leave no room for a contrary determination.

■ It seems to us that the physical facts, which include (1) the damage to the vehicles, (2) their location immediately after the accident, and (3) the skid marks, all of which are uncontradicted, convincingly establish that the collision occurred at the extreme southern end of the approach. It simply could not have happened in the middle of the approach as appellant surmised. All of the evidence in the case, including appellant's unique explanation of the accident, points unerringly to the conclusion that he was negligent in entering the approach at the time he did. The trial court properly directed a verdict for appellees on this issue.

■ However, we believe the court erred in directing the jury to find a verdict for appellees on their counterclaims. Mrs. Stevens was driving Mr. Stevens' automobile as his agent (since he accompanied her) and if she was negligent, it would be imputed to him. If a jury could reasonably find her negligent, then neither should recover on their counterclaims in spite of appellant's negligence.

■ Mrs. Stevens testified that as she was crossing the bridge she saw appellant's automobile approaching in such a manner as to indicate that appellant had lost control of it. Apparently she attempted to

clear the bridge before appellant arrived, and she may have been perfectly justified in her course of action. However, the jury properly could conclude that in the exercise of reasonable care she should have stopped her car or pursued some other course to avoid the impending collision. We believe the question of her contributory negligence should have been submitted to the jury.

For the reasons stated, so much of the judgment as dismisses appellant's petition is affirmed, but so much of the judgment as allows recovery by appellees is reversed.