W. V. PORTER, Appellant
(Defendant below),

v.

Eva WILSON, Appellee (Plaintiff below),
and Clarence Wilson (Plaintiff below),

Tom Porter (Cross-complainant in
intervention below).

No. 2934.

Supreme Court of Wyoming.

Nov. 28, 1960.

Henderson & Godfrey, Cheyenne, for appellant.

Philip White, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This was an action to recover for personal injuries and property damage growing out of an automobile collision. The original complaint was filed by Clarence and Eva Wilson, husband and wife, as joint plaintiffs against W. V. Porter, defendant, who counterclaimed for the loss of his automobile. Later, Tom Porter, defendant's brother and a passenger in his car at the time of the accident, intervened, claiming damages against the Wilsons. The pleadings admitted the collision between the two vehicles, and at pretrial the doctor and hospital bills and the damages to each of the automobiles were stipulated. Thus, the only issues remaining to be determined were the responsibility for the wreck and the amount to be awarded for pain and suffering in the event responsibility was established. Upon the trial the court found that the accident was caused by the negligence of plaintiff, Clarence Wilson, and the contributory negligence of defendant, W. V. Porter; judgment was entered dismissing both the complaint of Clarence Wilson and counterclaim of W. V. Porter, but granting Eva Wilson a judgment against W. V. Porter for $1,517.84 and Tom Porter a judg-

ment against Clarence Wilson for $200.[1] Defendant has appealed, urging that the court erred in awarding the judgment in favor of Eva Wilson, hereafter called plaintiff. He argues that she was guilty of contributory negligence so as to prevent any recovery by her. His reasoning is that she was the owner of, and a passenger in, one of the colliding cars, the driver of which was her husband, and the negligence of the husband-driver was imputable to her.

It is not necessary to discuss the evidence at length, but it will clarify the situation to review the facts briefly. On the evening of May 16, 1958, the Wilsons were proceeding by automobile eastward toward Carpenter, Wyoming, to vote in a school election. The car was in her name, apparently a gift from him. He purchased the gasoline for it as she did not work. Both of them drove it on occasion and neither of the two could recall whether she had requested him to drive at that time. On the same evening, W. V. Porter, accompanied by Tom Porter, Wayne Warren, and Ed Ide, was proceeding westward on the road, headed for the dog races in Colorado. It was still light but the sun was low. The two cars collided about six-thirty some five miles west of Carpenter. There was ample evidence before the court to substantiate its finding of the negligence of both drivers, and the sole question here is whether or not plaintiff was guilty of negligence which would preclude her recovery against the defendant. Defendant in his answer failed to plead contributory negligence as an affirmative defense in accordance with Rule 8(c), Wyoming Rules of Civil Procedure, and plaintiff argues that such a plea was essential to a defense on that ground. However, she overlooks the fact that here a failure to object to proffered evidence constituted a waiver of the defect. Busch v. Los Angeles Ry. Co., 178 Cal. 536, 174 P. 665, 2 A.L.R. 1607; and see 1 Bancroft's Code Pleading, 1926, §§ 726 and 736.

In arguing that plaintiff was negligent so as to prevent her recovery, defendant recognizes the rule pronounced in Chandler v. Dugan, 70 Wyo. 439, 251 P.2d 580, 586, wherein it was stated:

"'* * * It is only when the husband is acting as agent for the wife in the matter at hand or when they are engaged in a joint or common enterprise and participate jointly in the operation of the automobile that the negligence of the one driving the automobile becomes contributory negligence on the part of the other and defeats recovery against a third person. [5 Am.Jur. 784]'"

He refers to the case of Wilcox v. Herbst, 75 Wyo. 289, 295 P.2d 755, but only to quote an argument there presented by counsel. He concedes that the case of Hester v. Coliseum Motor Co., 41 Wyo. 345, 285 P. 781, is not in point but urges the similarity between the present case and Gamet v. Beazley, 62 Wyo. 1, 159 P.2d 916. In that case plaintiff Gamet and the driver of his car, Emslie, shared expenses and driving. There the court said at 159 P.2d 918: "under the circumstances of this case, we think that the negligence of Emslie was imputable to the plaintiff * * * in fact, counsel for the plaintiff do not contend the contrary." This cursory reference, indicating that the point was unlitigated, shows the case to be of little benefit in discussing the matter before us.

Here the defendant's principal contention seems to be that plaintiff as owner of the car had control of it, but with this argument regarding her ownership he commingles a discussion of her status both as a passenger and as the wife of the driver. He cites Blevins v. Stevens, Ky., 265 S.W. 2d 62, and Mustin v. West, La.App., 46 So. 2d 136, as authority for the principle that a husband-owner by his presence in the car provides a basis for imputing to him any negligence of a wife-driver. He also relies upon Moore v. Skiles, 130 Colo. 191,

---

1. Apparently Eva Wilson was allowed the stipulated damage to her automobile, $1,317.84, and $200 for physical injury.

274 P.2d 311, 315, where the court recognized that authorities were divided on the question but adopted the rule of imputability of the driver's negligence to the passenger-wife, who was co-owner of the automobile, without other reason than that it was the "more reasonable and common sense view."

Defendant then cites 4 Blashfield, Cyclopedia of Automobile Law and Practice, 1946, pp. 674, 675:

> "Instances of the imputation of negligence by reason of the occupant's control over the operation of the vehicle are by no means infrequent. Thus the negligence of one driving at the request or permission of the owner riding in the automobile is usually imputable to the owner, and actual control by the owner is not necessary if there is a right to control the operation of the automobile. As said by the Supreme Court of North Carolina, citing this section, the owner of an automobile has the right to control its operation, and when he is an occupant of the automobile when operated by another with his permission or at his request, nothing else appearing, the negligence of the driver is imputable to him."

This generic statement on imputed negligence standing alone might at first blush seem to be controlling, but it is only a part of the law which must be considered in determining a case of this nature. The same text a few pages later in discussing the specific question before us says at pp. 694, 696:

> "The above general rule and its qualifications apply to situations where the parties are husband and wife, and thus the negligence of a husband, driving a machine in which his wife is a passenger, in the management of the machine, which negligence contributes to an accident, in which the negligence

of a third person is also present as a proximate cause, and in which the wife is injured, will not ordinarily be imputed to her, and this, according to some authorities, although she is the owner of the car in which they are riding; but the general rule is to be received subject to the qualification that the wife is not thus to be absolved if it appears that she had any joint part in directing the movements of the automobile * * *."

These two summaries by Blashfield as well as other texts and encyclopedic works[2] disclose ramifications of viewpoint which probably account for the lack of uniformity in decisions upon facts substantially similar to those before us. The result in any given case seems to depend upon the nature of the statutes which are effective in the jurisdiction of decision, the background and personal views of the court, or the emphasis given to any one of a number of circumstances said to affect the control of the vehicle. In any analysis of the subject, we must be aware of the many factors contributing to the diverse views of reported decisions and making difficult of practical application the general principles which have been enunciated. Some of these find illustration in excerpts from encyclopedic works, e. g., in 38 Am. Jur. Negligence § 250, it is stated:

> "Some courts have taken the view that where a wife sustains an injury while in a vehicle driven by her husband, resulting from the negligence of a third person combined with negligence on the part of her husband, there can be no recovery by the wife. But the great weight of authority is in favor of the proposition that the negligence of a husband is not imputed to his wife where she has no control over the operation of the vehicle and is injured by his and another's concurring negligence. The negli-

2. For general discussion on the subject see 5–6 Huddy, Cyclopedia of Automobile Law, 9th ed., pp. 269–303; 60 C.J.S. Motor Vehicles §§ 427, 428. And see 2 A.L.I. Restatement, Torts, 1934, §§ 490, 491.

gence of the husband will not be imputed to his wife, riding with him in a vehicle, merely from the fact of the marital relationship between them. * * *"

And see 5A Am.Jur. Automobiles and Highway Traffic § 817; Annotations, 147 A.L.R. 960, 974; 110 A.L.R. 1099.

Concerning the effect of the owner's presence, we find it said in 5A Am.Jur. Automobiles and Highway Traffic § 819:

" * * * Although there is some difference of opinion, the weight of authority in the more recent cases subscribes to the proposition that the presence of the owner in his motor vehicle, which is being driven by a member of his family, creates a rebuttable presumption or inference that he has or retains control of its operation, and of the driver as his agent, by virtue of which the negligence of the driver is imputed to him so as to charge him with contributory negligence in an action to recover for the negligence of a third person. Such presumption, it is said, will control in the absence of evidence to the contrary. * * *"

And see the extensive annotation on this subject at 50 A.L.R.2d 1281. As to imputed negligence under statutes, see 5A Am.Jur. Automobiles and Highway Traffic § 820 and Annotation, 11 A.L.R.2d 1437.

As to the joint control aspect of the problem as it relates to husband and wife, it is said in 5A Am.Jur. Automobiles and Highway Traffic § 827:

" * * * The test for determining whether the husband and wife are engaged in a joint enterprise is whether they are jointly operating or controlling the movements of the vehicle in which they are riding. A husband and wife riding in a car owned and driven by one of them even while engaged in carrying out a common purpose, in the absence of a right of both to control, direct, and govern its operation, are not engaged in a joint enterprise in so far as the running of the automobile

is concerned. * * *"

And see Annotations, 95 A.L.R. 857, 80 A.L.R. 312, 63 A.L.R. 909, 921.

An analysis of all of the cases dealing with the problem would scarcely be warranted here, but it is interesting to review some representative opinions illustrative of the different philosophies which have been adopted.

I. Cases holding that the negligence of a driver is imputable to a spouse-owner-passenger of the automobile.

In Moore v. Skiles, supra, the husband-driver and wife-passenger were in a pickup owned by them jointly. On their return trip from an evening spent with friends, they were involved in an accident wherein the drivers of both vehicles were found to be negligent. The husband's negligence was imputed to the wife so as to prevent her recovery for injuries, and the court after discussing numerous cases said at 274 P.2d 315:

"We recognize that the authorities are divided on the question of imputability of negligence of the driver to a non-driving passenger in the automobile. We, however, believe that the more reasonable and common sense view is that the owner or joint owner, riding as an occupant in his own car, using the car for a purpose in common with the driver is presumed to have a right to control the driver and a right to manage and direct the movements of the car. Whether the husband's driving of the vehicle was at the husband's or wife's request, or by agreement between them, or by his assuming the wheel and she silently acquiescing, makes no difference.

"In the instant case we have nothing but the presumptions which arise from admitted facts. No attempt was made to rebut the presumption of agency on the part of the husband. Presumptions are rules of convenience based on experience or public policy and established to facilitate the ascertainment of truth in the trial of causes. * * *"

In Blevins v. Stevens, supra, little emphasis was placed upon the facts relating to the husband-wife, driver-owner relationship, and the court disposed of the matter by saying at 265 S.W.2d 63:

" * * * Mrs. Stevens was driving Mr. Stevens' automobile as his agent (since he accompanied her) and if she was negligent, it would be imputed to him. * * *"

In Ross v. Burgan, 163 Ohio St. 211, 126 N.E.2d 592, 50 A.L.R.2d 1275, the husband was driving his wife's car on the way from Cleveland to Akron. The purpose of the trip was not stated in the opinion. The court reviewed what it considered to be the majority and minority holdings regarding a presumption that the owner has control over the car and that the driver is acting as his agent in the operation of it and said at 126 N.E.2d 596:

"We believe the better and sounder rule is that, 'where an owner is present in his automobile, there is a rebuttable presumption that he has control and direction over it. * * *"

In Mustin v. West, supra, the court did not set out the facts relating to ownership but resolved the question at 46 So.2d 137, by these words:

"Mrs. Mustin's recovery is barred by her contributory negligence. Her husband was present in the car. He had an equal right to control the car. His wife's contributory negligence constitutes a bar to his recovery."

There has been some tendency of recent years for courts to reappraise their previous holdings that the negligence of the driver is imputable to the owner-passenger. An example of this is found in the changed position taken by the Oregon court. In 1950 that court said in White v. Keller, 188 Or. 378, 215 P.2d 986, 989:

"In this jurisdiction—although the authorities are in conflict elsewhere—it is well settled that proof of ownership of an automobile is sufficient to establish a prima facie case of agency. * *

" * * * It having been shown that plaintiff was riding in the car owned by her and driven by her husband on a trip for their mutual benefit and pleasure, we think the only reasonable deduction that can be made from such evidence is that plaintiff's husband was acting as her agent and in furtherance of her interests. * * *"

This year in Johnson v. Los Angeles-Seattle Motor Express, Inc., Or., 352 P.2d 1091, the Oregon tribunal, considering a situation which was similar except that the owner-passenger was unrelated to the driver, specifically repudiated the White case. The court in a comprehensive analysis of the law on the subject remarked that the mere sharing of a ride in an automobile owned by one of the passengers does not alone constitute a joint enterprise and said that the relinquishment of the control of an automobile to a competent driver of the owner's own choice is not alone evidence of negligence.

II. Cases holding that the negligence of a driver is not imputable to a spouse-owner-passenger of the automobile.

In Rodgers v. Saxton, 305 Pa. 479, 158 A. 166, 80 A.L.R. 280, at the time of the accident the wife was riding in her car which the husband was driving. They were on a vacation trip to Atlantic City. The court held that the husband's negligence was not imputable to the wife so as to prevent her recovery for damages and discussed several factors at 158 A. 168, 169:

" * * * A joint or shared control of an automobile in which one is riding as a passenger does not necessarily arise from the passenger's marital relationship with the driver or from the fact that the passenger is the car's owner. The inference that the owner of the car was the bailor and the driver was the bailee is an equally logical inference * * *.

*     *     *     *     *     *

"The relation of principal and agent or that of master and servant does not necessarily arise from the fact that the

wife owns the car which her husband is driving and in which she is a passenger. It is not unusual for a husband to buy a car for his wife * * *. Nor is the husband driver necessarily the agent or servant of his wife passenger, even in those cases where the wife herself has purchased the car with her own funds and has registered her ownership. The husband is still the head of the family, and when he is at the wheel of that car, even with his wife present, the presumption is that he is in control of the car, and, in the absence of evidence to the contrary, he is solely responsible for its operation. Ownership of a car does not necessarily mean control of that car, any more than ownership of any other property necessarily means control of it. * * *

* * * * * *

"* * * The injection into judicial discussions of this class of cases of the phrases 'joint enterprise' and 'common purpose' has made not for clarity but for confusion, for at least two reasons: First, there is no standard of 'joint enterprise' or 'common-purpose' and no practicable method of determining what is such an enterprise and such a purpose. * * *"

In Painter v. Lingon, 193 Va. 840, 71 S.E.2d 355, an accident occurred while the wife-owner was riding with the husband-driver as they went to their cabin for the weekend. The court permitted the wife to recover against a person with whom the accident occurred, pointing out that the owner's presence is not alone sufficient to make him responsible for the operator's negligence and that control over the automobile was the real test. In rebutting the joint-venture theory, the court said at 71 S.E.2d 359:

"Marriage vows of husband and wife create a great joint venture. What is beneficial to one spouse is, or should be, beneficial to the other. What is detrimental to one is usually detrimental to the other. * * *"

In Sherman v. Korff, 353 Mich. 387, 91 N.W.2d 485, the husband and wife owned the car jointly. She was driving, and he was a passenger, on a fishing trip when they collided with another car. In holding that the wife's negligence was not imputable to the husband the court said at 91 N.W.2d 486, 487:

"* * * Divorcing ourselves, as we must if we are to do justice, from the baleful influence of a pernicious fiction, what control or right of control has a passenger, even though he may be a co-owner, as the car speeds down the highway, driven by the other co-owner? Any attempted exercise of the right of control by wresting the wheel from the driver would be foolhardy. * * *

"* * * The plain fact of the matter is that there is no 'right of control' in the passenger, and it is pure fiction to assert that such exists simply because legal title to the car is in their joint names. With reference to the Illinois courts it has been said that when they find (or fail to find) a 'right of control' they actually are merely expressing a result, not giving a reason. * * *

"When we are interpreting such words as 'agent' and 'control,' we must constantly ask, Agency for what purpose? Control in what respect? It is hornbook learning that because one is an agent for one purpose he is not an agent for all. An agent to sell and convey lands has no authority to mortgage. * * * No more can we say that because joint ownership results in real control for some purposes (e. g., transfer of title), there is control for all purposes (e. g., steering and braking while car is being driven by another). Authority and reason alike support the proposition that the true relationship between husband and wife at the time of the accident was that of bailor and bailee. * * *"

In Roach v. Parker, 9 Terry 519, 48 Del. 519, 107 A.2d 798, the husband was driving

the car of the wife who was a passenger at the time of the wreck. The court made a point of saying that there was no evidence of the wife's ability or practice as to driving, nor evidence that she asked the husband to drive on the occasion, but solely the testimony that the wife and sister were in the car with the husband as they took the sister back to her home after she had spent an evening with them. In holding that the husband's negligence was not imputable to the wife, the court said at 107 A.2d 799:

"The argument made is that the wife here was as much interested in the purpose of the trip as was the husband and, since she was not only the owner but also a passenger in the car, it is reasonable to infer the right of control in the wife, whether she actually exercised it or not and that this is sufficient to establish a principal and agent relationship or something closely akin thereto. * * * It is fully in accord with common experience to presume that an owner-passenger retains the right of control when he asks or permits a friend or even a child to drive. * * * But to say that this is true of a wife whose husband takes the wheel is to ignore realities. * * *"

In Jenks v. Veeder Contracting Co., 177 Misc. 240, 30 N.Y.S.2d 278, a husband, as administrator for his wife's estate, brought an action for wrongful death. The husband and wife were joint owners of an automobile and were traveling to Florida. He was driving, and she was sitting beside him in the car when it collided with the defendant's truck. The court in holding that the husband's negligence was not imputable to the wife said at 30 N.Y.S.2d 281:

"Parties having equal legal title to a motor vehicle cannot be permitted to contend for the wheel in moving traffic and hence the imputation of negligence to the joint owner present upon the theory of equal legal right to

domination or control is untenable when applied to the facts of this case.

"The realities of the actual operation of vehicles on highways cannot be entirely overlooked in dealing with the rights and obligations of those present with the driver. * * *

"It does not seem important whether the joint owners are engaged in a joint enterprise or not. Their ultimate objective has nothing to do with the negligence or the purported imputation of negligence. The determinative factor upon imputed, as distinguished from actual, negligence is whether the joint owner could have done anything at the time of the negligent act then to have given events a different turn. * * *"

Certain of the cases above discussed arose from facts somewhat dissimilar to the one at bar in that the wife rather than the husband was driving or ownership was in both spouses rather than in one. Their interest to us is more in the philosophies expressed by the courts than in the similarity of the facts.

It seems to us that the cases in which the negligence of the driver has been held to be imputable to the spouse-owner-passenger are much more summary in nature than those in which the negligence has not been held to be imputed. In other words, the imputation has been dependent upon a formula which because of its adoption by a number of courts is being perpetuated without inquiry. It is significant that opinions on this subject have seldom stated with any clarity whether or not the presumption of control of the owner-spouse-passenger over the driver is one of law or fact.[3] If the presumption in this situation is one of fact, we immediately recall the words of Greenleaf, Evidence, 1852, p. 55, quoted with favor in 9 Wigmore, Evidence, 3d ed., p. 288: Presumptions of fact "are in truth but mere arguments * * *. They depend upon their own natural force and efficacy in

---

3. See 1 Jones, Evidence, 5th ed., p. 18, as to the tendency to confuse the presumptions of law and fact.

generating belief or conviction in the mind * * *."

The lack of unanimity among the courts and the numerous bases for holding that a driver's negligence is imputable to the spouse-owner-passenger in themselves tend to generate uncertainty rather than the "belief or conviction in the mind" mentioned by Greenleaf. On the other hand, those courts which have been reluctant to impute a driver's negligence to the spouse-owner-passenger have inquired quite carefully into the realities of motor vehicle experience and have sought to have a rational basis for their holdings. They have presented reasoning which seems to have gone unanswered either by court or counsel, and we are inclined to think there is merit in their views. This court has frequently said that, where facts appear, presumptions recede and that there is no necessity to resort to presumptions where there is direct and positive evidence upon a matter in issue. Hawkins v. Loffland Bros. Co., 70 Wyo. 366, 250 P.2d 498; Kammerzell v. Anderson, 69 Wyo. 252, 240 P.2d 893. Accordingly, if there was any evidence on the subject of control of the motor vehicle, it, rather than any presumption, will determine the negligence of plaintiff.

The general finding for plaintiff imports a finding of all subsidiary facts necessary to render the judgment sufficient and support it. School District No. 32, in County of Fremont v. Wempen, Wyo., 342 P.2d 232, 235, and cases therein cited. The pivotal determination then is whether or not there was before the court in the present case uncontradicted substantial evidence showing the plaintiff not to be in control of the automobile. There was some testimony on this point, and while it is not conclusive, the fact remains that the husband was in physical and actual possession of the vehicle, directing it as he desired, without instruction or suggestion from anyone, and that the wife had no *actual* control whatever; nothing was presented to the trial court showing the contrary. The implicit finding of the trial court that plaintiff was not in control was therefore based upon substantial evidence. We think this court cannot with propriety overthrow such a finding by the employment of a presumption.

Affirmed.