Frank M. HUME, Appellant
(Defendant below),

v.

Louis A. MANKUS, Administrator of the Estate of Robert Young Witherspoon, Deceased, Appellee (Plaintiff below).

Frank M. HUME, Appellant
(Defendant below),

v.

Louis A. MANKUS, Administrator of the Estate of Thomas Anthony Witherspoon, Deceased, Appellee (Plaintiff below).

Nos. 3389, 3390.

Supreme Court of Wyoming.

May 11, 1965.

For the appellant the cause was submitted upon the brief of Henderson, Godfrey, Kline & Uchner, Cheyenne, and oral argument by Paul B. Godfrey, Cheyenne.

For the appellee the cause was submitted upon the brief of Louis A. Mankus, Ad-

ministrator of the Estate of Robert Young Witherspoon, deceased, and Administrator of the Estate of Thomas Anthony Witherspoon, deceased; and Guy, Phelan, White & Mulvaney, Cheyenne, and oral argument by Louis A. Mankus, and Walter B. Phelan, Cheyenne.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

A collision between a Plymouth station wagon driven by Robert Young Witherspoon, an 18-year-old boy, and a Chevrolet pickup truck driven by Frank M. Hume, an adult, occurred on a country dirt road which had no center line marking. As a result, Robert and his younger brother Thomas, age 16, were killed, and Hume received injuries. The same person was appointed and qualified as administrator of each of the deceased boys' estates, and as such administrator brought his separate actions against Hume charging that Hume's negligence caused the death of the boys. In both actions Hume cross-petitioned charging that the administrator's decedents had caused injury to him through negligence. The two actions were consolidated for trial.

In the suit in behalf of the administrator of Robert's estate, the jury returned verdict that neither party recover, and judgment was rendered accordingly.

In the action in behalf of Thomas' estate, the jury returned a verdict in favor of the administrator and against Hume in the sum of $5,686.39, and the court rendered judgment that Thomas' estate recover that sum plus accruing interest and costs from Hume. From both of these judgments Hume has appealed, and the parties have stipulated that the two actions may be combined for those appeals.

The record indicates the accident took place at approximately the crest of a hill and where there was visibility of about 75 feet from each vehicle to the point of collision; that for a distance of 45 feet from the accident area Robert's car left tire marks on the road which showed its left wheels were some three feet one and one-half inches in its wrong travel-lane; that at a point 24 feet from the accident area the left tires of the Hume vehicle made skid marks showing his car's left wheels were seven to eight inches over the unmarked center of the road, and to that extent the Hume vehicle was also in its wrong travel-lane. After the collision, Robert's car was resting slightly diagonally but almost horizontally across the road with its rear-end at about the right-hand edge of its own travel-lane, with its right front-end headed somewhat toward the car's original direction and across the center of the road some three feet four inches from the left front of the Hume vehicle which had its right front-end over the right-hand edge of its own travel-lane, with its rear angling back toward its skid marks. While this evidence leaves the exact point of collision undetermined, the testimony of a patrolman who viewed the scene shortly after the accident explained that in the indicated type of collision the force of the impact would probably have caused the front-end of both vehicles to rise up and then settle down somewhat apart from each other.

Appellant contends the verdict of the jury in favor of Thomas' estate was not supported by the evidence and contrary to the evidence in that the accident occurred entirely on appellant's side of the road; that the verdict denying appellant recovery was not supported by and was contrary to the evidence in that Robert was negligent, and there was no evidence of Hume's negligence; and the verdict should have been in favor of appellant and against the passenger Thomas.

By denying Robert's estate any recovery, the jury found that Robert was negligent. As no appeal has been taken from the judgment upon that verdict, it is now final and we must accept it as an established fact.

By denying Hume any recovery, the jury found that he too was negligent.

The evidence most favorable to the appellee regarding Hume's negligence included Hume's own statement that he drove his vehicle at 50 miles per hour as he approached the crown of the hill where other evidence showed Hume had visibility of only 75 feet; that Hume was driving his vehicle partly in the wrong travel-lane with his left tires overlapping the center of the road seven or eight inches, when he was driving only some 24 feet, plus the length of his pickup, from the point of impact, thus making his driving across the center of the road at a lesser distance than the 45 feet which Robert's car overlapped the center of the road immediately before the collision. With the addition which the fenders made to the Hume car beyond the tire treads, as shown by the evidence, the pickup's overlap of the center of the road was even greater than the seven or eight inches shown by the skid marks. In consequence, even though the Hume car could have been on its own side of the road at the exact point of collision with Robert's car, the jury was entitled under this evidence to conclude that Hume's negligent driving contributed to the accident. In addition, one other brother of Robert, who was riding in the rear seat of the car, testified that immediately before the accident he saw Hume driving on his wrong side of the road and "looking around". Although appellant contends this brother's testimony was impeached, that was, of course, a matter within the province of the jury to decide, and we have no way of knowing what, if any, effect the brother's testimony had upon them in arriving at their verdict.

The negligence of Hume being thus sufficiently supported by substantial evidence, there is but one other matter which could avoid the verdict and judgment in favor of Thomas' estate and against Hume. This would be that the negligence of Robert must be imputed to Thomas upon appellant's theory that the boys were engaged in a joint adventure at the time of the accident.

The law respecting imputed liability of a passenger in an automobile driven by another has been well discussed in a number of Wyoming cases. Frazier v. Pokorny, Wyo., 349 P.2d 324; Porter v. Wilson, Wyo., 357 P.2d 309; Robinson Transportation Company v. Hawkeye-Security Insurance Company, Wyo., 385 P.2d 203; and Edwards v. Harris, Wyo., 397 P.2d 87.

From what this court has previously said, it seems settled that where, as in this case, it appears that Robert, the driver of the vehicle in which Thomas was riding, was in physical and actual possession of the vehicle directing it as he desired without instruction or suggestion from anyone, the doctrine of imputed negligence under the theory of joint adventure cannot have any application, and the negligence of Robert cannot be imputed to Thomas.

Appellant also complains the court erred in giving an instruction as to a driver's duty to keep a proper lookout. The objection is that the instruction implied that appellant had such a duty although he was entirely on the right side of the road. We find this contention without merit. In the first place, whether appellant was on the right side of the road or not was disputed. In the second place, it is a driver's duty to keep a proper lookout no matter where he is driving. Additionally, the instruction was proper because it applied equally to Robert.

Further error is claimed because another instruction was given that every person operating a motor vehicle upon a highway shall have the vehicle under reasonable control. This is the law of the State and the instruction was relevant to the situation.

Appellant's insistence that he was entitled to a directed verdict is sufficiently dealt with by what has already been said.

The final point made by appellant is that the court refused to allow him to present a rebuttal witness who was not

listed as a defense witness and who had sat in the courtroom all during the trial, notwithstanding all witnesses other than officers and the parties themselves had been excluded. Where witnesses have been excluded from the courtroom except when they are called upon to testify, a large discretion must necessarily lie with the court as to whether the rule should in a given case be relaxed. The record shows that objection was made to permitting the witness to testify and that counsel represented to the court that the witness was a relative of the plaintiff. Whether this representation entered into the court's ruling, we do not know, but the decision of the court might possibly have been somewhat influenced thereby. In any event, we cannot say that the court abused its discretion.

Finding no error, the judgment of the lower court is affirmed.

Affirmed.