BINNING v. MILLER, WATER DIVISION
SUPERINTENDENT

(BAYER ET AL., INTERVENERS)

(No. 2126; September 12, 1940; 105 Pac. (2d) 278)

For former opinions, see
55 Wyo. 451, 478, 102 Pac. (2d) 54, 64.

In support of the petition, there was a brief by *T. S. Taliaferro, Jr.*, of Rock Springs, Wyoming.

BLUME, Justice.

A petition for a rehearing has been filed herein by the interveners, in so far as our opinion No. 2 is concerned, dealing with the Willow Lake Reservoir. The petition is accompanied by a lengthy brief. We have read it over with care. We do not find anything therein which we did not consider fully when we wrote the original opinion herein. We think we stated the facts fairly. We attempted to arrive at results just to all parties concerned, and nothing stated in the brief now before us has caused us to change our opinion in that respect. Certain of our statements are criticized, but the opinion must be read as a whole. Counsel claim that the relationship of the parties was not that of cotenancy. We think that the authorities cited in the

original opinion should be sufficient on that point. Counsel say that the acts of William Bayer and others in 1931 and subsequent years do not show recognition of the sole ownership of the reservoir in Binning. We fear that counsel have not looked at the facts fairly. We think we should let them speak for themselves. We may be entirely wrong, but some way or other the record in this case, read as a whole, seems to leave the impression that it is doubtful that the co-tenants would have claimed a continuing co-tenancy if it had not been for the drouth which set in about 1930, as mentioned in Van Tassell Real Estate and Livestock Co. v. Cheyenne, 49 Wyo. 333, 54 P. (2d) 906. Counsel argue at length that the permanent dam constructed by Binning is but the enlarged and renovated dam which was constructed in 1919. We agreed with them in that respect in the original opinion, and it was upon that theory, and that theory alone, that we held that Binning could not now be held to be the sole owner thereof. Binning is made out by counsel as the villain in the case and as not deserving any consideration. Villain or not, his cotenants would not be entitled to take from him more than they themselves deserve. Binning was not without fault. He erred in thinking that he could cut off all the rights of his cotenants. We held that he could not do so. But the facts herein do not, we think, justify the conclusion that he alone is to blame for the controversy in issue here. The facts herein show conclusively that Binning expended a large amount of money in developing the reservoir right in controversy. His cotenants have not contributed their share, and according to the record before us, have evinced little disposition to do so. They ought not to be permitted to profit by such attitude and penalize Binning as though they had at all times cooperated in the manner of cotenants in good faith to get the water which they need and ask. Some expressions in the brief of counsel indicate, that, per-

haps, Binning's expenditures were too large, and that his cotenants had not consented thereto. But the right which Binning acquired was a new right, in the sense, and with the limitations indicated in the original opinion. Binning's cotenants had no water right until it was acquired by Binning. That was an independent right and the sole right which was acquired in the water. Counsel for interveners clearly recognized that fact by asking in the petitions for intervention that Binning be declared to hold his title in trust. And if they want to share therein, they should be willing to contribute their just proportion. The reasons therefor have been fully mentioned in the original opinion, and are, we think, completely persuasive. Ordinarily, a man should pay for what he gets. Life generally demands, as the law should here, a reasonable equilibrium between what is given and what is received in return. In fact, interveners themselves recognized that fact, when they offered, in the pleadings in the case, to pay their proper proportion.

Counsel complain that some of our statements in the original opinion might be prejudicial to the interests of cotenants not yet parties herein. That, of course, might be true in any case, but could hardly justify a court in refusing to say what it ought to say on the facts before it. We hardly think that counsel mean that we should eliminate from the opinion statements in their favor. They should not ask us to be unfair to the other side.

The petition for rehearing is denied.

RINER, Ch. J., and KIMBALL, J., concur.