Alva E. EDWARDS and Patricia H. Edwards, Appellants (Plaintiffs below),

**v.**

Eula HARRIS, Administratrix of the Estate of George Harris, deceased, Ronald Seilaff, and Kathryn Irene Wise, also known as Kathryn Irene Rice, Appellees (Defendants below).

No. 3204.

Supreme Court of Wyoming.

Dec. 7, 1964.

W. A. Smith, Harry S. Harnsberger, Jr.,
Lander, for appellants.

G. L. Spence, Riverton, Houston G. Williams, of Wehrli & Williams, G. Joseph Cardine, Casper, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Suit was brought in the district court by plaintiffs, Alva E. Edwards and Patricia H. Edwards, for personal injuries and damages sustained in an automobile collision.

The accident happened December 12, 1961, at nighttime on the state highway between Lander and Hudson, Wyoming. Plaintiff Alva Edwards drove his Packard automobile into the rear of a Buick automobile driven by defendant Kathryn Irene Wise, who has subsequently married and is now Mrs. Kathryn Irene Rice. Both of these vehicles were traveling in the north-bound lane of traffic.

In the south-bound lane of traffic and approximately opposite the point of collision, an International pickup-truck driven by George Harris has previously stalled and was left sitting without lights and unattended; also, Ronald Seilaff had driven his Ford pickup-truck up behind the Harris pickup and had stopped in the same lane of traffic. Harris, Mrs. Rice and Seilaff were all named as defendants.

Trial was to a jury and its verdict was for all of the defendants. Both plaintiffs appealed. George Harris has died and Eula Harris, as administratrix of his estate, has been substituted for the deceased.

In argument to us, counsel for the plaintiffs admits there was sufficient evidence to justify the jury in finding contributory negligence on the part of plaintiff Alva Edwards. We agree the record discloses such evidence, and from the verdict of the jury we can assume, as far as Alva's case is concerned, that the jury either found an absence of negligence on the part of all defendants or contributory negligence on the part of Alva.

The result would be the same. In either event Alva is barred from recovery. His appeal can therefore be disregarded as far as a consideration of the sufficiency of evidence is concerned. There remains, however, considerations of prejudicial errors which are claimed in the admission of evidence and in the conduct of counsel for one of the defendants. These alleged errors we will discuss later.

Imputed Negligence

The principal contention made on behalf of appellant Patricia Edwards was that the court's Instruction 8 permitted the jury to impute negligence on the part of Alva Edwards to her, his wife and passenger, when there was no basis in the evidence for such imputation. The questioned instruction was this:

"The court instructs the jury that in the event the plaintiffs were engaged in a business joint adventure at the time of the accident so that the plaintiff, Alva E. Edwards, acted as the agent of the plaintiff, Patricia H. Edwards, in the driving of the vehicle, then any negligence on the part of Alva E. Edwards which contributed in whole or part to the cause of the accident, bars the plaintiff, Patricia H. Edwards, from recovery, and in such event, you are instructed to bring in a verdict in favor of all defendants. However, in this regard, you are instructed that the joint adventure must be of such a nature that there was a common, or joint, business purpose between the parties at the time of the accident and that both parties had an equal right to the control of said vehicle."

Without pausing to discuss at length the language employed in the instruction, we want to mention in passing that it is somewhat ambiguous to us and we believe the wording could be improved. Where the instruction says "in such event" you are instructed to bring in a verdict in favor of all defendants, it is not entirely clear what "event" is referred to. We think the in-

struction could be interpreted as saying in the event plaintiffs were engaged in a joint adventure the verdict should be in favor of all defendants, especially if the word "event" is thought of as being in the singular as it is written. That, of course, would be an erroneous statement of the law.

Attorneys may realize the trial court in this instance must have meant to say in the event plaintiffs were engaged in a business joint adventure, then any negligence on the part of Alva E. Edwards, which contributed in whole or in part to the cause of the accident, would bar plaintiff Patricia H. Edwards from recovery; and in the event there was a joint adventure *and also* contributory negligence on the part of Alva Edwards, the verdict should be in favor of all defendants.

■ Whether an instruction is misleading or confusing, however, depends upon how it would be understood by a jury composed of ordinarily intelligent laymen. Government Employees Insurance Company v. Davis, 5 Cir., 266 F.2d 760, 765; Smith v. Stanolind Pipe Line Co., 354 Mo. 250, 189 S.W.2d 244, 252.

■ Instructions should be clear declarations of the law applicable to the facts, and if open to two or more constructions, one of which is at variance with the law, instructions should be refused, since instructions should be substantially correct in both form and circumstances. Hopkins v. Highland Dairy Farms Co., 348 Mo. 1158, 159 S.W.2d 254, 257; Schipper v. Brashear Truck Co., Mo., 132 S.W.2d 993, 996, 125 A.L.R. 674; McCarthy v. Sheridan, 336 Mo. 1201, 83 S.W.2d 907, 910-911.

As far as our decision is concerned, in the case at bar, we cannot find fault with the statement of law involved in Instruction 8, if it can be understood as saying in the event plaintiffs were engaged in a business joint adventure and there was also some negligence on the part of Alva Edwards, which contributed to the accident, thus barring Patricia Edwards from recovery, the jury was to bring in a verdict in favor of all defendants.

■ However, as will appear from our later discussion, we find no basis in the evidence adduced at the trial for the giving of such an instruction, and it still must be condemned for that reason. Instructions not sustained by evidence should not be given. Chicago & N. W. Ry. Co. v. Ott, 33 Wyo. 200, 237 P. 238, 242, rehearing denied 238 P. 287, certiorari denied 269 U.S. 585, 46 S.Ct. 201, 70 L.Ed. 425; Shikany v. Salt Creek Transp. Co., 48 Wyo. 190, 45 P.2d. 645, 647.

The plaintiffs themselves testified the title to the Packard automobile driven by Alva Edwards was in his name and the name of his wife, Patricia, jointly. This was not disputed. There was no evidence tending to show, however, that the passenger, Patricia, actually exercised any control or supervision over her husband in the driving of the automobile during the trip on which the accident occurred, or that she influenced or directed the manner of driving. On the other hand, Mr. Edwards insisted during his examination on the witness stand that his wife had not done any of these things.

In Porter v. Wilson, Wyo., 357 P.2d 309, 316, this court reviewed at length the decisions in other jurisdictions on the subject of negligence being imputed to a passenger-wife when the husband is driving a motor vehicle. In that particular case the automobile was in the wife's name only but was being driven by the husband.

Despite a lack of uniformity in the decisions, this court concluded in the Porter case that, where a husband was in physical and actual possession of an automobile, driving as he desired without instruction or suggestion from anyone, and his wife who owned the automobile was a passenger therein but had no actual control whatever over the automobile, negligence of the husband was not imputable to his wife.

■ We see no impelling reason to review again the authorities on the matter of imputed negligence where a husband is driving as he sees fit an automobile owned either by his wife or by himself and his

wife, and where the wife is a passenger therein. Also, no valid reason has been shown for departing from the position taken in the Porter case.

In the case at bar, the only testimony on the subject verified the fact that Alva Edwards was in physical and actual possession of the automobile driven by him; he was driving as he desired without instruction or suggestion from his wife and she had no *actual* control whatever over the vehicle. As was said in the Porter opinion at 357 P.2d 316, "nothing was presented to the trial court showing the contrary." Thus, there would be no basis in this case for imputing negligence of Alva to Patricia, as far as ownership and operation of the automobile are concerned.

### Business Joint Adventure

Instruction 8, as given to the jury, still raises the question as to whether in this particular instance Alva Edwards and Patricia Edwards were engaged in a business joint adventure at the time of their accident, so that the negligence of Alva would for this reason be imputed to Patricia. If they were so engaged, we think the evidence failed to establish it.

There was testimony disclosing, without contradiction, that Alva Edwards was a real estate broker and a partner in the Star Realty firm. Patricia Edwards held a salesman's real estate license but was not a broker. She had on previous occasions done work as a salesman in the Star Realty firm and had received a commission on at least one occasion.

As far as the trip on the evening of December 12, 1961 is concerned, Alva Edwards said *he* received an invitation to attend a Christmas dinner party, at Hudson, of the Fremont County Board of Realtors. This board is an organization within Fremont County of *real estate brokers* (not salesmen). Edwards testified he received the invitation "solely," but the dinner or party was for brokers and their wives.

There was a total absence of any evidence tending to show that there was to be anything educational, instructive or informative at the party for brokers. Also, there was no indication from the evidence that real estate salesmen, as such, would be in attendance. The only possible implication to be drawn from the testimony adduced is that Patricia Edwards was on this particular trip as the wife of broker Alva Edwards.

Nothing but speculation and conjecture could cause a jury to find that there was a profit or business motive for either a broker or a salesman at the affair. To establish such would require some kind of substantial evidence. None was offered. Consequently, the possibility of a business or profit motive for either Alva Edwards or his wife is too remote and speculative to be considered as sufficiently proved to warrant an instruction on the subject.

It is to be noted, in fact, that not only is there an absence of any evidence tending to show a commercial, business or profit motive connected with the party but Alva Edwards testified it had never occurred to him that the trip would be good for business.

We hardly think it necessary to cite authority for the proposition that the mere suggestion of a possibility which is remote and speculative cannot be made to take the place of substantial evidence. We do, however, call attention to our mention of the matter in Kalman v. Western Union Telegraph Company, Wyo., 390 P.2d 724, 726, and to the authorities cited there.

The definition for a joint adventure is advanced in 48 C.J.S. Joint Adventures § 1, p. 801, to the effect that it has been aptly defined as a special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation. See Taylor v. Brindley, 10 Cir., 164 F.2d 235, 240; Arizona Public Service Company v. Lamb, 84 Ariz. 314, 327 P.2d 998, 1000; and Rockett v. Ford, Okl., 326 P.2d 787, 790–791.

This court had occasion to say in Binning v. Miller, 55 Wyo. 478, 102 P.2d 64, 71, rehearing denied 56 Wyo. 129, 105 P.2d 278, that in a joint adventure the parties, while not necessarily, ordinarily contemplate an enterprise for commercial profit. No other kind of enterprise has been asserted or claimed in the case at bar, and in the absence of concrete evidence of a profit motive, we see no reason to treat the case differently from the ordinary case where a husband and wife are traveling together in a jointly-owned vehicle, with the husband driving and the wife riding as a passenger.

Therefore, the principles adopted in Porter v. Wilson, Wyo.,· 357 P.2d 309, 316, should be followed. It appearing, then, with no evidence to the contrary, that Alva Edwards was in physical and actual possession of their Packard automobile, driving as he desired without instruction or suggestion from his wife, the jury should not have been permitted to impute his negligence to his passenger-wife.

It is interesting to notice that during the trial the trial judge must have had the same impression as we now have as to the lack of evidence tending to show a joint adventure. Many questions on the subject were asked of Alva Edwards, by his own attorney and by opposing counsel, with the result being what we have already indicated. Then, during direct examination of plaintiff Patricia Edwards, by her own attorney, when she was questioned on the subject of a joint adventure, the judge observed that he thought counsel was anticipating a defense. Counsel agreed he was, and the judge said, "Let's wait until we cross the bridge, get to it."

We think this denoted an attitude on the part of the court that no substantial evidence had been offered to show a joint adventure and that defendants had the burden to prove such a defense. No further testimony was offered by either side thereafter bearing on the subject. Thus, plaintiffs would have had reason to claim surprise when the court thereafter gave the jury Instruction 8.

## Sufficiency of Objections

On appeal, the position taken by defendant-appellees is that plaintiffs objected to the giving of Instruction 8 upon the sole ground that it was not a correct statement of the law. They point out that appellants' only contention on appeal is that there was no basis in the evidence for such an instruction. Reliance is placed upon Rule 51, W.R.C.P., which provides that only such grounds as are stated in objecting to an instruction at the time of trial shall be considered on appeal. Appellees cite in support of their contention North Central Gas Company v. Bloem, Wyo., 376 P.2d 382, 385.

We have made it clear in previous opinions that the reason for Rule 51 and for the enforcement of such a rule is that, in all fairness to the trial judge, counsel should point out with definiteness and particularity wherein the instruction is in error. See State v. Chambers, 70 Wyo. 283, 249 P.2d 158, 162; and Drummer v. State, Wyo., 366 P.2d 20, 24.

In the case at bar, after all the evidence was in and before the matter had been submitted to the jury, a motion for directed verdict was made on behalf of both plaintiffs. One of the grounds stated in this motion was that the undisputed evidence failed to show that plaintiffs were engaged in a joint venture and as a result of such failure Patricia Edwards was not contributorily negligent as a matter of law.

Moreover, the record discloses that prior to the giving of Instruction 8, counsel for plaintiffs had offered two instructions to the effect that as a matter of law Patricia Edwards was not contributorily negligent and the negligence, if any, of the driver could not be imputed to her. These instructions were denied and, in counsels' objections to the denial, he stated as one of the grounds that as a matter of law the evidence shows that Patricia Edwards was not guilty of contributory negligence.

Thus, it appears that before Instruction 8 was given plaintiff-Patricia had made her position entirely clear to the court that the

undisputed evidence failed to show that plaintiffs were engaged in a joint adventure, and that as a matter of law she was not guilty of contributory negligence.

As stated in 2B Barron and Holtzoff, Federal Practice and Procedure, § 1104, pp. 463–464, only those errors are waived which might have been corrected had the proper objection or request been made; and if the trial judge is fully informed of the specific grounds of objection or request, there is no need for repetition.

We arrive at the same result in this particular case by holding with Mrs. Edwards on her contention that the trial court committed prejudicial error in refusing to instruct, on proper request therefor, that she as a matter of law was not contributorily negligent, and that negligence, if any, on the part of the driver could not be imputed to her. What we have previously said concerning the absence of evidence of a joint adventure makes it apparent that such an instruction should have been given.

### Negligence of Defendants

We find ample evidence in the record from which the jury could infer negligence on the part of Harris and—if it had been properly instructed—it might have found him liable to plaintiff Patricia Edwards.

Also, defendant-Rice by virtue of being stopped or virtually stopped in her lane of traffic, under circumstances which could be considered the result of negligence, might have been found liable to Patricia Edwards, if the jury had been properly instructed.

This defendant claims that upon seeing the Harris truck she stopped or slowed to about two to five miles per hour when opposite the truck; that the motor of her car died and she was in the act of attempting to start it when the accident occurred; and that as she stopped, or while passing very slowly, the vehicle driven by Seilaff came up behind the Harris truck and came to a stop.

According to the investigating patrolman, Mrs. Rice had passed the Harris truck so that the rear of her vehicle was eleven feet beyond the rear of the Harris truck when it was struck. Mrs. Rice maintained her lights were on and properly functioning, but plaintiff Alva Edwards testified he saw no lights on the Rice vehicle and believed it had no tail lights on.

Mrs. Rice testified she used the brakes hard on her car and slowed to see if the Seilaff vehicle could stop or if it would turn out for the Harris truck; and when it was apparent the other vehicle would stop she attempted to go on, without stopping, but her motor died. Whether she was negligent in her operation and thereby permitted her automobile to stall; whether she had intentionally stopped or slowed excessively; and whether she turned her lights off while attempting to start her motor were all questions for the jury. All witnesses agree the night was very cold, with sub-zero weather.

Concerning defendant-Seilaff, he is charged with having failed to use a distribution of light, or composite beam, so aimed that the glaring rays were not projected into the eyes of an oncoming driver, contrary to § 31–190, W.S.1957.

Edwards testified repeatedly that the Seilaff lights were on "bright"; that Seilaff had "just not dimmed his lights"; and that Edwards was "blinded" by the Seilaff lights. Although the Seilaff pickup was behind the Harris truck, Edwards by oral testimony and by drawing on a map placed the Seilaff vehicle to the left and closer to the center of the highway than the Harris truck.

Generally, Edwards referred to the Seilaff lights as being silhouetted around the Harris truck, but he insisted consistently that the beam from the left light hit him and blinded him for quite some distance. He marked on the map where this blinding began and where it ended. He referred to the ending as the point where he "broke through" the beam.

At that point he was within 40 feet of the Rice vehicle and saw it for the first time. In testifying about the Seilaff ve-

hicle being to the left of the Harris truck so that its left light hit him, Edwards said it appeared that Seilaff drove into a position to go on around when the way to do so was clear.

Seilaff himself frankly admitted he did not remember whether he had dimmed his lights. His wife testified she saw him dim. Also, Mrs. Rice said the Seilaff lights did not bother her, but she did not know whether he dimmed. However, since she claimed Seilaff drove up and came to a stop *while* she was almost stopping, it would be understandable that the Harris truck could have served as a barrier against the Seilaff lights, as Mrs. Rice approached—Seilaff not yet being in his final position where he readied himself to go around the Harris vehicle on the left.

█ In any event, there is a conflict in the evidence on the question as to whether Seilaff did or did not dim his lights, and the matter becomes a jury question. The jury could, if it chose to do so, infer from the evidence adduced that Seilaff failed to use a distribution of light, or composite beam, so aimed that the glaring rays were not projected into the eyes of the oncoming driver, Edwards. Failure to dim would have been in violation of § 31–190 and sufficient to constitute negligence on the part of Seilaff.

## Other Errors Claimed

*Certain Exhibits*

█ Pictures were received in evidence which had been taken at some time after the accident. Vehicles not involved in the accident were used in the pictures. The photographs had been taken to demonstrate the relative position of vehicles, at the time of the accident. In each case a picture was offered solely to show the relative position of vehicles, as testified to by one of the witnesses. The court made it clear to the jury, in each case, that the picture was allowed for that limited purpose and that it should be so considered.

Plaintiffs, as appellants, complain and take the position that photographs cannot be admitted to show only a part of the photograph, when other objects are included in the picture. We assume the reference to "other objects" is to motor vehicles shown more or less in the background of some of the pictures.

In two of the pictures, no other vehicles are shown. In another picture the two vehicles which testimony related to are well in the forefront and placed together, which was the thing being demonstrated. Other vehicles are sufficiently in the background so that there could be no confusion. The testimony of the witness with respect to this photograph and the judge's caution to the jury seem clear to us, and we are sure the jury could not have misunderstood or been confused.

Two other photographs are involved, and with each of them the judge folded the picture over to eliminate vehicles not in the demonstration or involved in the testimony. In each of these cases it is quite clear which vehicles the jury was to look at and we see no reasonable probability of confusion.

Although plaintiffs suggest the possibility of the jury looking at other objects depicted in the pictures to the prejudice of plaintiffs, no specifications in that regard are made. We ourselves find nothing in the pictures which could have a prejudicial effect.

It was mentioned in objections to the introduction of the exhibits that there was no snow on the grounds when the pictures were taken, whereas at the time of the accident only the traveled portion of the highway was clear and the edges and shoulders were covered with snow. This was made amply clear in the testimony pertaining to the photographs. Also, the presence or absence of snow would have no bearing on the limited purpose for which the exhibits were offered and received.

█ The purport of the holdings in cases cited by appellants on this matter are generally to the effect that if and when

photographs such as those being questioned here are in any way misleading, they should be rejected. We cannot disagree with this principle, and we think trial judges should always guard against the allowance of photographs which tend to be confusing, misleading or prejudicial to a litigant.

If there is, in this instance, any basis for saying the pictures in question *actually* were prejudicial to plaintiffs, it should have been pointed out with particularity to the trial court what objects or conditions were reflected in the pictures which would be misleading or prejudicial. This was not done. Furthermore, appellants do not now complain, on appeal, of any specific thing in any of the pictures which would be misleading.

█ Generally speaking, objections to evidence will not be reviewed on appeal if they are general and not sufficiently specific to raise any question for review. Murdock v. State, Wyo., 351 P.2d 674, 679; Marr v. Cook, 51 Wash.2d 338, 318 P.2d 613, 615; Atherley v. MacDonald, Young & Nelson, Inc., 142 Cal.App.2d 575, 298 P.2d 700, 706.

*Conduct of Counsel*

█ Prejudicial error is claimed by appellants on account of a statement made in his closing argument by the attorney for defendant-Harris. The statement contrasted the financial status of the parties, in these words:

"* * * We heard both on the witness stand and now from counsel for the plaintiff about his loss of business. But I haven't heard any simple recognition of the humble truth in this case that Alva Edwards is more capable of earning a better living and is better qualified in every way to make a larger sum of money yearly than any single defendant in this action. And I have never heard a simple bespeaking of gratitude to the fact that he is still able, by the testimony of his own doctors, to earn at least $10,000.00 a

year which is enough, I think, in this case for them to be comfortable and happy for the rest of their lives."

Manifestly, counsel's argument pertaining to the financial status of the parties cannot be sanctioned in point of propriety. However, counsel for appellants made no objection at the time of argument, and the matter was first called to the attention of the court in a motion for new trial.

█ We have heretofore ruled that it is incumbent upon counsel to object to the remarks of opposing counsel and to give the trial court an opportunity to instruct the jury to disregard the same or otherwise correct the record, before alleged prejudicial error in the argument can be considered on appeal. Ford Motor Company v. Arguello, Wyo., 382 P.2d 886, 892; Shikany v. Salt Creek Transp. Co., 48 Wyo. 190, 45 P.2d 645, 655. See also Metropolitan Life Ins. Co. v. Banion, 10 Cir., 106 F.2d 561, 568, certiorari dismissed 309 U.S. 691, 60 S.Ct. 468, 84 L.Ed. 1033.

In the absence of a timely objection to opposing counsel's argument and the affording of an opportunity for the trial court to correct the effect of the argument, we cannot now consider the argument as grounds for reversal.

### Conclusions

There being no prejudicial errors which adversely affected plaintiff Alva Edwards, the verdict and judgment in favor of all defendants and against him is affirmed. The verdict and judgment in favor of all defendants and against plaintiff Patricia Edwards is reversed on account of the jury's having been permitted to impute contributory negligence to her, when there was no basis in the evidence for such imputation. The case is remanded for new trial as to the claims of Patricia Edwards against all three defendants, both as to liability and the amount of damages, but not as to the issue of imputed contributory negligence.

Reversed for new trial as herein indicated.