HARDY, Judge.
This is a suit by plaintiff for damages to his automobile sustained as the result of an intersectional collision with an automobile owned by defendant’s assured, R. D. Evans, and driven by his wife. Defendant reconvened for the amount paid its insured for the repair of his car. After trial in the City Court of the City of Shreveport there was judgment for plaintiff as prayed, and further judgment rejecting defendant’s recon-ventional demands, from which defendant prosecutes this appeal.
The accident which was the cause of this suit occurred at about 2:00 P. M. on December 14, 1953, at the intersection of Missouri Avenue and Hardy Street in the City of Shreveport. At the time plaintiff’s automobile, driven by his 19-year old son, accompanied by his mother, was proceeding north on Missouri Avenue, which is a right-of-way street, so established by city ordinance. Mrs. Evans was driving the insured automobile west on Hardy Street. Missouri Avenue is 36 feet in width, providing sufficient space for four lanes of traffic but, at the time, automobiles were parked on both sides of the street and on Hardy Street, which condition had the effect of seriously obstructing the view of traffic approaching the intersection from any direction. The only eyewitnesses who testified on trial were Mrs. Dowden, wife of plaintiff, her son, Roy Dowden, and Mrs. Evans. Although there was some conflict in the testimony, we *105 think that the material facts were satisfactorily established by the preponderance of the evidence, and, for this reason, find it unnecessary to engage in a detailed analysis of the testimony of these three witnesses.
We think it was conclusively established that Mrs. Evans, approaching the intersection of Hardy Street with Missouri Avenue, brought her automobile to a stop at or near the stop sign on the east side of Hardy Street and then proceeded at a slow rate of speed into the intersection without taking the added precautions that were necessary by reason of the cars parked on Missouri Avenue and without, in fact, observing the approach of the Dowden automobile which could and should have been observed. Young Dowden, who was driving at a moderate speed of from 20 to 30 miles per hour, observed the attempted negotiation of the intersection by the Evans car, which was either brought to a complete stop or almost to a stop before it cleared the northbound traffic lane occupied by the Dowden car. It was established that this action of Mrs. Evans in slowing or stopping her automobile before it cleared the intersection was occasioned by the maneuver of a car which had been parked across the intersection on Hardy Street, and which at the time was being backed into the Missouri Avenue intersection, preparatory to clearing other parked cars and proceeding west on Hardy Street. It is quite clear that Mrs. Evans was completely occupied in giving her attention to this third automobile and that she did not perceive the dangerous condition in which she placed herself with reference to the approaching Dowden car. It follows that Mrs. Evans was guilty of negligence which was a proximate cause of the accident.
We do not find that young Dowden was guilty of any negligence, for his speed was not excessive, and he had no reason to expect that traffic would move out from Hardy Street past the parked cars without observing his approach and clearing the intersection. Nor could he possibly have anticipated that the Evans car would be brought to a stop partially in his lane of traffic. When Dowden observed this action he applied his brakes, which was the only precaution possible at the time, but was unable to avoid the collision. The point of impact was located by both young Dowden and his mother approximately at the very center of the intersection, and the damage to the cars establishes the fact that it was the left rear of the Evans automobile which was struck by the front of the Dowden car.
On the basis of the above finding of facts we think the conclusion is obvious, for it is now well established that a driver entering a right-of-way street where the view is obstructed is under the obligation of proceeding with extraordinary caution and, further, that the mere preemption of an intersection by entering therein is not by itself sufficient, since it is required that this action be coupled with the reasonable expectation of the ability to complete the crossing without interfering with approaching traffic. National Retailers Mutual Ins. Co. v. Harkness, La.App., 76 So.2d 95, and cases cited therein; Chase v. Burley, La.App., 76 So.2d 587; Harris v. Travelers Indemnity Co. of Hartford, Conn., La.App., 70 So.2d 235, and cases cited therein. It is evident in the instant case that Mrs. Evans did not make such a preemption, in view of her failure to observe the approaching automobile.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.