LUTHER E. HALL, Judge pro tem.
This case arises out of an automobile-truck collision at the intersection of General Taylor and Annunciation Streets in the city of New Orleans on November 12, 1958, at approximately 2:30 P.M.
The truck belonged to and was driven by the defendant, O’Neal J. Jones, while the automobile was the property of Edward Walters but was being driven at the time by his younger brother, Thomas L. Walters, to whom he had loaned the car.
As a result of the collision the truck was damaged $175.00 and the automobile sustained damage in the amount of $294.17.
The plaintiff insurance company had issued a $50.00 deductible policy of collision insurance on Walters’ automobile and after paying for the repairs to the automobile, less the $50.00 deductible paid by its insured, brought this suit for $244.17 as subrogee of Walters. Neither Edward Walters nor Thomas L. Walters are parties to this suit, the same being solely a suit between the insurance company as subrogee and the defendant, O’Neal J. Jones.
The defendant’s answer to the suit was a general denial coupled with a reconventional demand against plaintiff insurance company for the damage to the truck.
Judgment was rendered by the trial court dismissing plaintiff’s demands and also dismissing defendant’s demand in reconvention. Plaintiff hás appealed. Defendant ha.s neither appealed nor answered this appeal.
In fact defendant has abandoned his re-conventional demand in view of the fact that the plaintiff insurance company had *688 not insured Edward Walters against public liability.
The testimony shows conclusively, and it is not at all contradicted, that the driver of the automobile, Thomas L. Walters, had borrowed his brother’s car for his own use, was operating it in his own interest at the time of the accident and was not engaged upon a mission for the car owner, Edward Walters, either as an agent or employee.
Under such circumstances any concurrent negligence of which the driver, Thomas L. Walters, might be guilty cannot be imputed to the owner, Edward Walters, or his collision insurer, the plaintiff herein; and the car owner or his subrogee insurance company may recover for damages to the car sustained in the accident irrespective of any concurring negligence on the part of the driver of the car.
“It is well settled that in the absence of proof of an agency relationship, the owner of an automobile may recover for damages sustained by it in an accident to which the negligence of the operator contributed.” Gautreaux v. Faucheaux, La.App., 105 So.2d 537, 540.
Therefore negligence vel non on the part of the operator, Thomas L. Walters, is not an issue in this case. The sole question to be decided is whether the defendant, O’Neal J. Jones, was guilty of any negligence which proximately caused or contributed to the accident. If so, plaintiff must recover.
The testimony shows that defendant was driving his truck on General Taylor Street in a direction away from the Mississippi River while young Walters was driving in an uptown direction on Annunciation. General Taylor is a black-topped street, Annunciation is gravelled. There are no traffic signs or signals at the intersection nor was it otherwise “controlled” at the time of the accident.
Jones testified he was proceeding on General Taylor Street at about 20 miles per hour and that when he approached the corner he put on his brakes and came almost to a dead stop, looked to the right and seeing no approaching traffic then looked to the left, put his truck in second speed and proceeded into the intersection. He further testified that he was over half way across the street when he first saw the Walters automobile which was then 25 or 30 feet away and bearing down on him at about 30 miles per hour, that his center was then about in the middle of the street, that he realized he would be hit and did nothing because there was nothing he could do.
The Walters automobile struck the truck at the right front fender and door and becoming entangled with the truck was dragged to the right out General Taylor Street 15 or 20 feet from the point of impact.
Young Walters testified that he was driving up Annunciation Street at about 15 miles per hour, that when he got almost to the corner of General Taylor he slowed down having seen the truck, but seeing the truck about to stop he started up again and hit the truck about the middle of the intersection. He stated that the truck drove in front of him and although he put on his brakes his car skidded on some rocks and the collision occurred.
There were several relatives in the car with Walters, none of whom threw any light on the situation other than to corroborate his testimony that he was driving slowly.
We think the defendant was clearly at fault in not seeing the Walters car before he entered the intersection. He himself testified that he could see some distance down Annunciation Street and that nothing blocked his vision. He is charged with seeing what he could have seen. The Walters car evidently was close to the corner at the time and being the vehicle approaching from the right it had the right of way.
*689 The pertinent section of the traffic ordinance reads: (Sec. 38-133)
(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.
(b) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.
It is argued on behalf of the defendant that he had pre-empted the intersection. We do not agree with this contention.
“Preemption does not take place unless the vehicle which enters first does so at a normal speed and after its driver has exercised proper precautions and after it has become evident that it can cross in safety if no other vehicle arrives at an unexpectedly excessive speed.” (Emphasis added.) Hardware Mutual Casualty Co. v. Abadie, La.App., 51 So.2d 664, 665. See also: Montalbano v. Hall, La.App., 108 So.2d 16; Dodd v. Bass, La.App., 76 So.2d 572; Aucoin v. Houston Fire & Casualty Co., La.App., 44 So.2d 127; Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829; Dowden v. Houston Fire & Casualty Insurance Co., La.App., 81 So.2d 103.
For a case in many ways like the present one see Toups v. Trent, La.App., 85 So.2d 96.
The amount of damages sustained by the Walters automobile has been stipulated by the parties.
For the above reasons the judgment appealed from is reversed insofar as it dismissed plaintiff’s suit, and it is now ordered that there be judgment in favor of the plaintiff, Washington Fire and Marine Insurance Company, and against the defendant, O’Neal J. Jones, in the full sum of $224.17, together with legal interest thereon from date of judicial demand until paid and for costs. In all other respects the judgment is affirmed.
Affirmed in part, reversed in part and rendered.