GLADNEY, Judge.
This action in tort was brought to recover damages for personal injuries incurred in a vehicular collision October 23, 1961, in Homer, Louisiana. Judgment was rendered by the trial court in favor of the plaintiff, Lawhon, and against the defendants, The Town of Homer and its insurer, Aetna Casualty & Surety Company. Defendants have appealed.
Appellants assign error to the judgment of the trial court in holding Will Hunter guilty of negligence, in holding Tom Law-■hon not guilty of contributory negligence, and in awarding excessive damages.
On the afternoon of the day of the accident, at which time the weather was clear and the streets dry, Tom Lawhon was driving a 1955 Buick automobile south on Magnolia Street and approaching its intersection with Adams Street. He testified that he drove over the crest of a hill at a speed he estimated to be from thirty-five to forty miles per hour; that as he neared the intersection a motor grader owned by *277 the Town of Homer and operated by Will Hunter suddenly backed from the west side of Adams Street and blocked more than half of Magnolia Street; and that when he first realized the emergency he was so near he did not have time to make application of his brakes before the collision occurred. Both Lawhon and Will Hunter received personal injuries.
Hunter, a veteran employee of the town had been working in the vicinity of the intersection just prior to the accident. Also working with Hunter was another employee, Jessie T. Jones. Immediately before the accident Hunter turned from Magnolia Street into Adams Street to ■clean out a ditch on the north side of Adams Street. After entering Adams Street Hunter then backed the machine into Magnolia in order to position it for the work on the ditch. The road machine was at the center ■of the intersection when it was struck by the automobile driven by Lawhon.
The town marshall, E. B. Wilkins, testified that to the north of the intersection on Magnolia the road grader which is seven feet tall, can be' seen for a distance of one hundred fifty yards; that there was a stop sign on Adams Street facing traffic approaching Magnolia and a sign on Magnolia Street stating the speed limit is thirty miles per hour. The northwest corner of the intersection is a blind corner. The house of George Bell is built close in to the inter■section of Magnolia and Adams Street, and a hedge runs along the north side of his lot on Adams Street. The trial judge observed that at the east end of Adams Street or east side of Magnolia the intersection is open and visible for a substantial distance to traffic proceeding either north or south ■on Magnolia, but because of the location of the residence of Bell and the shrubbery in his front yard, the vision of the motorist is almost completely blocked as to traffic ■entering the intersection from the west side ■of Adams Street. Thus, a driver of an automobile proceeding south on Magnolia Street would not notice a vehicle proceeding east along the side of Adams Street, west of Magnolia, until he has approached within a short distance of the intersection.
There were four witnesses, at or near the scene of the accident when it occurred. These were the drivers of the two vehicles, Tom Lawhon and Will Hunter, and Jessie Jones and George Bell. Jessie Jones was working on the south side of Adams Street facing west, and did not observe the occurrence of the accident. George Bell was seated on the front porch of a neighbor’s house on the east side of Magnolia Street and he did observe the accident. The testimony of these witnesses is briefly summarized. Lawhon testified his speed was about forty miles per hour; that he did not see the road machine until too close to it to stop when it suddenly backed into Magnolia Street. Hunter testified that Lawhon was traveling at a high rate of speed; that ■he saw Lawhon when he came over the crest of the hill and Lawhon was not looking; and that he had backed the motor grader out to the center of the street where he had come to a complete stop and was changing gears before his machine was struck by the automobile. George Bell testified Will Hunter was backing the road machine east into the main street and Lawhon was traveling south when he looked up and saw the collision. He had seen Hunter turn from Magnolia into Adams Street in front of his house after first getting the machine about five feet off of the pavement before he backed.
The conflict between the testimony of Lawhon and Hunter is apparent. The decision of the trial judge held the sole, proximate cause of the accident was the negligence of Hunter in backing into the street without observing the oncoming traffic ; that Hunter was under a duty of obligation to use an exceptional degree of care while performing a highly dangerous operation with a cumbersome piece of machinery. The court pointed out that no signs or flares were set out nor anything at all used to warn the public that grader operations were being conducted. The court concluded that Tom Lawhon was not negligent even *278 though he may have been traveling at a rate of speed slightly in excess of that prescribed by the city ordinance, as his speed was not a contributing factor in the accident. Further, the court held that the defendants had not borne the burden of proof required of the affirmative defense of contributory negligence.
The controlling issues herein are of a factual nature. Counsel for appellants earnestly insists Will Hunter was not negligent and Tom Lawhon was guilty of contributory negligence because of excessive speed and failure to maintain proper observation. Counsel for appellants argue the impact occurred near the center of the intersection; that Lawhon should have observed the approach of the road machine from a distance of four hundred fifty feet; that the machine was stopped near the center of the intersection at the instant of the impact; and that the primary cause of the accident was the failure of Lawhon to timely observe the road machine and apply his brakes. The testimony as to the machine being stopped prior to the collision is seriously controverted, as well as the distance Lawhon was from the motor grader when he was first in a position to see it. We have studied most carefully all of these circumstances and do not find manifest error in the holding of the trial court that the negligence of Will Hunter was the sole proximate cause of the accident.
A driver entering a right of way street where the view is obstructed is under the obligation of proceeding with extraordinary caution. The mere preemption of an intersection by entering therein is not by itself sufficient, since it is required that this action be coupled with the reasonable expectation of the ability to complete the crossing without interfering with approaching traffic. Dowden v. Houston Fire & Casualty Insurance Company, La.App., 81 So.2d 103 (2d Cir.1955) ; Dyck v. Maddry, La.App., 81 So.2d 165 (2d Cir. 1955); Rachow v. Ringwald, La.App., 87 So.2d 173 (2d Cir. 1956).
Finally, counsel for appellants complain that the award of damages is grossly excessive. The trial court awarded Law-hon for pain and suffering $7,500.00, for loss of earnings $7,500.00, and for permanent disability $2,500.00, in addition to an allowance for special damages for medical bills and property damage to the Buick car. The first three items mentioned are questioned. Dr. Haynes indicates that the plaintiff sustained multiple fractures of both knee caps which were broken into multiple pieces. There were also minor injuries such as lacerations of the face and inside of the mouth. Plaintiff, who is sixty-five years of age, worked for $40.00 per week performing labor at a grocery store. He was hospitalized for a period of seven weeks. Both knee caps required surgery which involved removal of many small fragments and the large fragments were wired together into the tendon in each instance. The wire sutures were left in the knees and will permanently remain there. During this period plaintiff suffered pain which was only alleviated by narcotics and other sedation. At the time of trial he was still under the treatment of the doctors and he has been unable to resume his usual work as a helper in the grocery store. Dr. Haynes testified that at his age he will not be able to resume his work as he will never be able to stand up or bear weight upon his feet for any considerable period of time. The doctor testified that plaintiff may be able to do some odd' jobs but no strenuous work. In other words, it is clear that Lawhon will not be-able to earn a gainful living through employment. His permanent disability was estimated at sixty-five per cent in one leg and thirty-five per cent in the other leg. The evidence is convincing that Tom Law-hon sustained injuries of a most serious and permanent nature. Accordingly, we find that the award as made by the trial' court is not excessive.
The judgment will be affirmed at the’ cost of appellant, Aetna Casualty & Surety Company.