ON REHEARING
BOUTALL, Judge.
In our original judgment, we did not consider the reconventional demand of the ap-pellees because no answer to the appeal was filed in the record before us. On application for rehearing, appellees informed us that an answer had been filed in the district court prior to lodging of the record here. Upon finding this to be a fact, we caused the answer to be transmitted to this court and granted rehearing.
The owner of an automobile appeals from a judgment holding the negligence of its driver to be imputable to him. The owner and driver of the other vehicle answer the appeal on the issue of their negligence.
Cleveland Williams, Jr. was the owner of an automobile being driven by Terry Williams when it was involved in a collision with another automobile owned by Arthur Wilson and operated by David J. Sharlow. Williams sued Wilson and Sharlow for the damages sustained by his automobile. Wilson and Sharlow answered and file a recon-ventional demand praying for property damage to Wilson’s automobile and physical injuries to Sharlow, the driver. The recon-ventional demand was later amended to pray only for property damage to Wilson’s automobile against both Cleveland Williams and Terry Williams.
On trial the court found “that the Plaintiff, as well as the Plaintiffs in Reconvention, were guilty of contributory negligence and” dismissed both the original demand and the reconventional demand. From this judgment plaintiff Williams has appealed. Plaintiffs in reconvention Wilson and Shar-low have answered the appeal.
The evidence consists solely of the testimony of Terry Williams and her passenger on one side and David Sharlow on the other. The damages to the automobiles were stipulated. The testimony for plaintiffs shows that Terry Williams approached the pumps in a gasoline station to get gas, and seeing the vehicle coming from the opposite direction driven by Sharlow, she stopped to ascertain at which pump he would get gas. Sharlow pulled behind a truck in one lane, and she determined that she would go on the other side of the pumps in another lane. During this maneuver, Sharlow suddenly cut out from behind the truck into her lane, causing a frontal collision between the cars. Opposed to this, Sharlow testified that he had already gotten gas and was in the process of leaving the pump in order to turn out to the Airline Highway when the Williams car approached him rather rapidly and he struck it on the side door. The repair estimates and the itemized damage would indicate a frontal collision as detailed *812 by plaintiffs. The repair estimate is however not conclusive of the negligence of the parties, which is based more upon the credibility of the witnesses’ testimony. We have no problem in concluding that Sharlow was negligent, both because of the lack of credibility as to how the collision took place, but also because his testimony admits that he did not see the Williams’ vehicle until the collision was about to take place.
The trial judge however found Terry Williams to be guilty of contributory negligence, and although the record would indicate her lack of negligence, nevertheless there is sufficient evidence to support a finding of contributory negligence, and we cannot say that the trial judge has erred. In view of the relative speeds of the vehicles, it would appear that she may have been able to avoid the accident by either stopping or maneuvering her own vehicle. Accordingly, we accept the finding of contributory negligence by the trial judge.
The major problem in this case is that the plaintiff and one reconvenor both are owners suing for damages to their vehicles and neither was a driver. There is absolutely nothing in the record which would enable us to impute the negligence of the drivers to the owners of the vehicles. The owner of a vehicle is not liable for damages caused by some other person driving his vehicle unless the negligence of the driver is imputable to the owner. Ruthardt v. Tennant, 215 So.2d 805, 252 La. 1041 (1968); Murray v. Kuhn, 345 So.2d 917 (La. App.4th Cir. 1977); Umbehagen v. Liberty Mutual Ins. Co., 348 So.2d 122 (La.App.4th Cir. 1977).
The judgment appealed is in error as a matter of law. Owner Cleveland Williams is entitled to judgment for his damages against driver David Sharlow. Similarly, owner Arthur Wilson is entitled to his damages against driver Terry Williams.
Accordingly, the judgment appealed is reversed in part, and there is now judgment on the main demand in favor of Cleveland Williams, Jr. against David J. Sharlow in the sum of $534.30, together with interest from date of judicial demand until paid; there is now judgment on the recon ven tional demand in favor of Arthur Wilson against Terry Williams in the sum of $143.69, together with interest from date of reconventional demand until paid. The judgment is affirmed insofar as it dismisses the other demands; costs to be assessed equally between David J. Sharlow and Terry Williams.
REVERSED IN PART AND RENDERED.