BLANCHE, Justice.
This case comes before the Court on an application by the City of Baker, Louisiana *864 for a Writ of Certiorari. We granted writs and reverse.
The record below indicates that on August 27, 1979 Keith Parker was operating an automobile in the City of Baker when he was stopped by Baker City Police. The city police issued Parker citations for Operating a Vehicle Without a Registration Certificate in violation of La.R.S. 47:506, Operating an Unsafe Vehicle in violation of La. R.S. 32:53 and Resisting an Officer in violation of La.R.S. 14:108. The officers arrested Mr. Parker and impounded the vehicle he was operating by contacting a towing service and instructing it to tow the vehicle to their parking lot. Parker initially pleaded not guilty to all of the above charges at his arraignment. He later changed his plea to guilty as to the Operation ojf a Vehicle Without a Registration and Operation of an Unsafe Vehicle charges after the prosecution filed a nolle prosequi on the Resisting an Officer charge.
The decision of the trial judge at issue in the' City of Baker’s writ application came after the guilty pleas were accepted, but prior to sentencing, when Keith Parker filed a Rule to Show Cause why the automobile he was operating at the time of his arrest should not be released to him and why the City of Baker should not be required to pay the costs of towing and storage of that auto. According to Parker, he had been having difficulty getting the automobile released to him by the towing company. At the hearing of the rule, he contended that the Baker City Police should not have towed his vehicle away since he lived only a block from the point where the officers stopped him, and since his mother and brother came to the scene and could have cared for his car. After a hearing on the matter, the judge ruled that the City of Baker policemen were justified in impounding Parker’s vehicle since it was unsafe to operate, and that Parker, not the City, should pay the reasonable costs of the towing and storage.
Although the issue was not raised in the Rule to Show Cause nor argued at the hearing, the trial judge went on to hold that the City of Baker was required by law to make an inventory of the contents of Parker’s impounded vehicle and give this inventory to Parker and to the towing company. The court stated that since no such inventory was taken, the City was to pay $100 to Keith Parker as a penalty. This $100 was credited against the fines Parker was sentenced to pay to the City for the above offenses. As authority for his holding, the trial judge cited C.Cr.P. art. 228, which provides:
“It is the duty of every peace officer making an arrest, or having an arrested person in his custody, promptly to conduct the person arrested to the nearest jail or police station and cause him to be booked. A person is booked by an entry, in a book kept for that purpose, showing his name and address, the offense charged against him, by whom he was arrested, a list of any property taken from him, and the date and time of booking. Every jail and police station shall keep a book for the listing of the above information as to each prisoner received. The book shall always be open for public inspection. The person booked shall be imprisoned unless he is released on bail.”
The City of Baker filed a Motion for New Trial and a Motion for Rehearing, questioning this' portion of the trial judge’s decision referring to the inventory requirement and penalty for failure to have an inventory taken. The judge granted the Motion for Rehearing, but after the argument on rehearing, reaffirmed his prior ruling.
In its application for a Writ of Certiorari, the City of Baker contends that: (1) there was no evidence in the record that the vehicle in question was not inventoried and, therefore, there is no basis in the record to support the judge’s ruling that an inventory is required and was not taken and that the City is liable to Keith Parker in the sum of $100 for the failure to inventory; (2) the judge was unable to rule as he did on the issue of an inventory where the issue was not raised in pleadings or in argument; (3) the judge deprived the City of due process of law when he ruled as he did on an issue *865 not before the court, without allowing the City to present evidence and argument on that issue.
After a careful review of the record below, we agree that there is not a scintilla of evidence in this case as to whether an inventory of the contents of Keith Parker’s vehicle was taken or not. There is, therefore, no evidentiary basis for the trial judge’s ruling on the inventory issue, and it is settled law that a trial judge may not go beyond the evidence in reaching factual conclusions. Murray v. Kuhn, 345 So.2d 917 (La.App. 4th Cir. 1977). Consequently, we must reverse the lower court’s ruling on the Rule to Show Cause insofar as it deals with the issue of the necessity of an inventory by the City of Baker, and the penalty for the failure to take an inventory. Our decision on this issue necessarily renders unnecessary our consideration of the other assignments of error raised before this Court by the City of Baker.
DENNIS, J., concurs and assigns reasons.